UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Perales, | Civil No. 14-1722 (JNE/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on Richard Perales' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently hospitalized at the Federal Medical Center (FMC) in Rochester, Minnesota, pursuant to an order of commitment issued under 18 U.S.C. § 4246 by the United States District Court for the Western District of Missouri. The case has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

I.   **Background**

In 1997, Petitioner was indicted in the United States District Court for the Western District of Texas for unlawful possession of a destructive device and conspiracy to commit money laundering. Report & Recommendation at 2, *United States v. Perales*, 1:97-cr-0076 (W.D. Tex. Feb. 10, 2009), ECF No. 75. He was ordered to submit to a psychiatric evaluation to determine his mental competency to stand trial. *See id.* The court determined that Petitioner was suffering from a mental disease or defect and that his release would pose a significant risk of bodily injury or property damage. *See id.* Accordingly, Petitioner was committed to the Bureau

of Prisons pursuant to 18 U.S.C. § 4246. *See id.* The government later filed a petition for civil commitment in the United States District Court for the Western District of Missouri on August 3, 1999. *See id.* The petition was granted and affirmed on appeal. *United States v. Perales*, No. 99-3854, 2000 WL 1268214, at *1 (8th Cir. Sept. 7, 2000). Petitioner remains in the custody of the Attorney General pursuant to § 18 U.S.C. § 4246.

Petitioner is a frequent litigator. He has filed a 28 U.S.C. § 2241 petition, a 28 U.S.C. § 2255 motion, and a request for relief pursuant to 18 U.S.C. § 4247 in the criminal action commenced against him in the Western District of Texas. *United States v. Perales*, 1:97-cr-0076 (W.D. Tex.), ECF Nos. 65, 73, 83. He has also commenced proceedings in the Western District of Texas by filing two 28 U.S.C. § 2241 petitions, *Perales v. United States*, 1:97-cv-0465-JRN (W.D. Tex. filed June 11, 1997), and *Perales v. Anderson*, 1:08-cv-0280 (W.D. Tex. filed Apr. 14, 2008); a 28 U.S.C. § 2255 motion, *Perales v. United States*, 1:09-cv-0047-JRN (W.D. Tex. filed Jan. 20, 2009); and a *Bivens*[1] complaint, *Perales v. Sarrazin*, 1:11-cv-0510-LY (W.D. Tex. filed June 17, 2011).

Petitioner has also sought habeas and other relief in the Western District of Missouri. *Perales v. US Attorney*, 6:98-cv-3399-RGC (W.D. Mo. filed Sept. 30, 1998) (habeas petition); *Perales v. Capella*, 6:98-cv-3512-RGC (W.D. Mo. filed Dec. 31, 1998) (habeas petition); *Perales v. Doe*, 6:09-cv-3131-ODS (W.D. Mo. filed Apr. 27, 2009) (*Bivens* action); *Perales v. US Treasury Dept.*, 6:09-cv-3500-ODS (W.D. Mo. filed Dec. 14, 2009) (*Bivens* action); *Perales v. US Treasury Dept.*, 6:09-cv-3503-ODS (W.D. Mo. filed Dec. 14, 2009) (*Bivens* action); *Perales v. Anderson*, 6:10-cv-3025-RED (W.D. Mo. filed Jan. 20, 2010) (habeas petition). Presently, there is an open § 2241 habeas proceeding in the Western District of Missouri, which

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Petitioner filed in 2009. *United States v. Perales*, 6:14-cr-3017-DGK-1 (W.D. Mo. filed Mar. 5, 2009).

As noted above, Petitioner is currently confined at FMC-Rochester. In Ground One of the § 2241 petition he filed in this District, Petitioner challenges his confinement on the basis that he has been committed repeatedly without a trial, and he asks to be discharged pursuant to 18 U.S.C. § 4247(h). In Ground Two, Petitioner asserts violations of the First and Second Amendments, contending he has been accused falsely of plotting to "blow up" a courthouse. In Ground Three, Petitioner invokes the Eighth Amendment and alleges that he suffered multiple disc and neck fractures from beatings by police and prison guards.

## II.   Discussion

Title 28 U.S.C. § 2244(a) provides:

> No circuit or district court judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

This statute prohibits federal inmates from filing successive habeas petitions, that is, petitions attempting to re-raise claims that have already been raised and adjudicated in a prior habeas proceeding. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (habeas petition presenting claims that had been adjudicated on the merits in a prior habeas case was a "successive petition" barred by § 2244(a)); *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (district court properly relied on § 2244(a) to dismiss habeas claims that had been decided in a previous habeas case); *Graham v. Warden of FCI Allenwood*, 348 F. App'x 706, 707 (3rd Cir. 2009) (second habeas petition need not be considered, because the relief requested was denied in a previous habeas case).

3

The abuse of the writ doctrine prohibits federal inmates from filing "abusive" habeas petitions, such as petitions that attempt to raise new claims that could have been raised in a prior habeas proceeding. *Phelps v. U.S. Government*, 15 F.3d 735, 737-38 (8th Cir. 1994); *see also Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) ("[T]he abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action"); *Boardley v. Grondolsky*, 343 F. App'x 837, 839-40 (3rd Cir. 2009) ("The Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition.") (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)); *Verner v. Attorney General*, 190 F. App'x 592, 593 (10th Cir. 2006) ("A district court properly dismisses a § 2241 petition as successive if a federal court has previously determined the validity of the petitioner's detention in a prior proceeding and no new claim is raised, or a new claim is raised that could have been raised previously, and the petitioner fails to demonstrate cause and prejudice or a fundamental miscarriage of justice.").

The petitioner in *Phelps v. U.S. Government*, 15 F.3d 735 (8th Cir. 1994), like the instant Petitioner, was confined at FMC-Rochester pursuant to an order of commitment, although Phelps was committed pursuant to 28 U.S.C. § 4243(e) after being acquitted by reason of insanity. *Id.* at 737. Phelps initially filed a § 2241 habeas corpus petition in California that was denied on the merits, a second petition that was denied as moot, and then a third petition in Minnesota. *Id.* The third petition was deemed an abuse of the writ, because the claims that Phelps attempted to raise could have been presented in his first habeas petition. *Id.* at 738.

Here, in Ground One of the petition, Petitioner raises a general challenge to his confinement at FMC-Rochester. His sole allegation is that he has been committed repeatedly

4

without a trial. This generic claim was raised, or could have been raised, in Petitioner's numerous prior habeas petitions. Accordingly, the claim is not cognizable here under § 2244(a), and the Court recommends that it be denied.

To the extent that Petitioner has requested relief under 18 U.S.C. § 4247(h), the Court has considered whether to transfer the petition to the court that issued the commitment order. *See Archuleta v. Hedrick*, 365 F.3d 644, 648-49 (8th Cir. 2004). The Court declines to do so, however, for the following reasons. First, the Western District of Missouri, which issued the commitment order, conducts annual assessments of Petitioner's mental state and the appropriateness of his commitment. *United States v. Perales*, 6:99-cv-3283-RED (W.D. Mo. filed Aug. 3, 1999). The most recent status report was filed only a few weeks ago. *Id.* ECF No. 54. Thus, the Western District of Missouri is already reviewing whether Petitioner should continue to be hospitalized. Second, Petitioner has alleged two other grounds in the petition that could potentially be brought in this District, albeit not in a petition for a writ of habeas corpus.

Grounds Two and Three of the petition allege claims pursuant to the First, Second, and Eighth Amendments. These claims pertain more to the conditions of Petitioner's confinement than the fact or duration of his confinement, and § 2241 does not provide a remedy for individuals who are challenging the conditions of their confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). As the Eighth Circuit of Appeals has explained:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

5

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Because Petitioner's First, Second, and Eighth Amendment claims have no direct bearing on the fact or duration of his confinement, a judgment in his favor would not affect the validity of the commitment order or the length of his commitment. Therefore, these claims must be dismissed for lack of jurisdiction.

Petitioner may still be able to raise these claims, however, by some other means such as a civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under certain circumstances, it may be possible to construe a habeas petition as a civil complaint seeking some other, non-habeas form of relief. Here, however, it would serve no purpose to do that. Even if Petitioner paid the filing fee, this case could not go forward as a non-habeas civil action because Petitioner has not identified by name the individuals who allegedly violated his constitutional rights. The United States is the only named defendant. Accordingly, the Court will recommend that the claims be dismissed without prejudice so that Petitioner can seek relief in a procedurally proper manner.

If Petitioner elects to pursue the claims in a civil rights action, he will have to either pay the $400 filing fee or file an application to proceed without prepayment of fees. Petitioner cannot be excused from paying the filing fee by simply calling his pleading a habeas corpus petition, rather than a civil complaint. If that were the case, Petitioner could simply submit his civil rights claims on a habeas petition, pay the $5 filing fee, and wait for the Court to construe his "petition" as a civil complaint. Finally, as a civilly committed individual, Petitioner is not a prisoner within the meaning of the PLRA, *see Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003); *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), and thus will not have to pay the filing fee in installments, as prescribed by 28 U.S.C. § 1915(b).

**III.    Recommendation**

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Ground One of Petitioner's habeas corpus petition, a general challenge to his civil commitment, be denied;

2.   Grounds Two and Three of Petitioner's habeas corpus petition, based on violations of the First, Second, and Eighth Amendments, be dismissed without prejudice for lack of jurisdiction;

3.   Petitioner be given twenty days from the date of the District Court's ruling on this Report and Recommendation in which to file a civil complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the full filing fee or file an application to proceed without prepayment of fees; and

4.   If Petitioner does not file an entirely new pleading entitled "Civil Complaint" within the time allowed, this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).


Dated: June 10, 2014                             s/ *Jeanne J. Graham*
                                                 JEANNE J. GRAHAM
                                                 United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 30, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.